**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HANDEL CLASSIUS BULGIN, | No. 19-71419 |
| Petitioner, | Agency No. A074-841-190 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 4, 2020
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Handel Bulgin, a native and citizen of Jamaica, petitions for review of a

Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's

("IJ's") denial of his application for deferral of removal under the Convention

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we

grant the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

The court reviews the agency's legal conclusions de novo, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011), and its factual findings for substantial evidence, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Substantial evidence means a factual finding is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). We uphold the agency determination "unless the evidence compels a contrary conclusion." *Duran-Rodriguez*, 918 F.3d at 1028.

Where, as here, the Board cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and provides its own conclusions, this Court reviews both the IJ's and the BIA's decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citing *Joseph v. Holder,* 600 F.3d 1235, 1239–40 (9th Cir.2010)).

1. Bulgin first argues that, without analysis or even addressing the IJ's decision, the Board erroneously disregarded the IJ's finding of a likelihood of torture and substituted its own conclusion that Bulgin's fear of being tortured in Jamaica at the hands of the One Order and Clansmen gangs was "speculative."

"[T]he BIA cannot disregard the IJ's findings and substitute its own view of the facts. Either it must find clear error, explaining why; or, if critical facts are missing, it may remand to the IJ." *Ridore v. Holder*, 696 F.3d 907, 919 (9th Cir. 2012). The IJ found Bulgin would more likely than not be tortured or killed if he were returned to Jamaica. The BIA stated Bulgin's fear was "speculative," but it

did not explain its reasoning or remand to the IJ. The BIA's conclusory statement is insufficient.

2. Bulgin also argues that the IJ and the BIA erred in concluding that it is not more likely than not Bulgin will be tortured with the acquiescence or willful blindness of public officials in Jamaica. *Zheng v. Ashcroft*, 332 F.3d 1186, 1194–95 (9th Cir. 2003); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705–06 (9th Cir. 2010). Country condition reports alone can be sufficient to prove that public officials are likely to acquiesce to torture. *Kamalthas v. I.N.S.*, 251 F.3d 1279, 1280 (9th Cir. 2001).

Indeed, the record here compels the conclusion that Bulgin is eligible for CAT deferral. The IJ found Bulgin testified credibly that his two co-conspirators in a drug scheme mistakenly believe Bulgin cooperated with the United States government because Bulgin received a sentence well below Sentencing Guidelines, was released two months early for good behavior, and was not deported immediately upon release. One co-conspirator has been deported to Jamaica and blames Bulgin and the other co-conspirator had threatened Bulgin and has "strong ties" to a gang in Jamaica called "One Order." Bulgin also submitted country reports which state "One Order" is one of "Jamaica's most notorious gangs," prove it was one of the gangs that have corrupted the Jamaican government, and prove police corruption and police impunity in Jamaica. Accordingly, the IJ and the BIA

3

erred denying Bulgin's application for CAT deferral.  *Madrigal v. Holder*, 716

F.3d 499, 509 (9th Cir. 2013).

**PETITION GRANTED.**